## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME STURDIVANT and ALISON SAWCHAK, | : | CIVIL NO: 3:21-CV-00162 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| AGT. K. RIVERA-ITHIER, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER
April 22, 2021

## I.  Introduction.

Plaintiffs Jerome Sturdivant and Alison Sawchak claim that the defendants used excessive force on Sawchak during the execution of a search warrant.  They also claim that the defendants improperly interrogated Sawchak during and after the execution of the search warrant.  The complaint is deficient for several reasons: the complaint is not signed by Sawchak; it violates the pleading requirements of the Federal Rules of Civil Procedure; it does not clearly set forth any claims on the part of Sturdivant; and because the complaint fails to allege how the defendants were personally involved in violating Sawchak's rights, it fails to state a claim upon which relief can be granted.  We will, however, grant Sturdivant and Sawchak leave to file an amended complaint.

## II.  Background.

Sturdivant and Sawchak began this action by filing a complaint naming as defendants Agent K. Rivera-Ithier, identified as an agent with the Pennsylvania Office of Attorney General; Agent A. Panzarella, also identified as an agent with the Pennsylvania Office of Attorney General; ADA Hogans, identified as a "District Attorney Agt." with the Pennsylvania Office of Attorney General; and "Assisting Wilkes-Barre Police." *Doc. 1* at 1.  Sturdivant and Sawchak allege that on October 26, 2020, the defendants executed a no-knock search warrant at their residence.  Sturdivant, who heard the officers enter, cooperated and was taken into custody without incident.  Sawchak, however, was in the shower and did not hear the officers enter.

According to the complaint, the officers burst in the bathroom where Sawchak was showering and grabbed her, groped her breast, tazered her, slammed her to the floor, handcuffed her, and repeatedly slammed her head on the floor, all apparently while she was undressed.  After Sawchak, who is anemic, was dressed in a tank top, shorts, and slippers and checked by Emergency Medical Services, but while she was still damp from her shower, she was dragged to the back yard in 32 degree weather to search (for what, it is not clear) for two hours.  According to the complaint, officers also "abusively interrogated" Sawchak at the scene, and then

2

took her into custody and interrogated her further in a cold cell for hours. *Id*. at 5. According to the complaint, defendant Hogans allowed this to happen.

Although the complaint primarily concerns events that happened to Sawchak,[1] she did not sign the complaint; only Sturdivant signed the complaint. At the time the complaint was filed, Sturdivant was incarcerated, while Sawchak was not. Sturdivant has since informed the court that he has been released from custody. Sturdivant and Sawchak each filed an application to proceed *in forma pauperis*, which we granted.

For the reasons set forth below, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Sturdivant and Sawchak leave to file an amended complaint.

### III.  Screening of *In Forma Pauperis* Complaints—Standard of Review.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met. More specifically, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which

---

[1] The complaint makes a passing reference to Sturdivant being incarcerated on excessive bail, but it is not clear whether Sturdivant intended to raise a claim in that regard, and if so, against whom.

provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In addition, when the complaint is filed by a prisoner, as Sturdivant was when he commenced this action, this court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.**  The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted."  This statutory text also mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

4

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

5

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they
plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and

citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

     A complaint filed by a *pro se* litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


**IV.  Sturdivant may not represent Sawchak in this action.**

     Given that the complaint concerns primarily actions taken against Sawchak

but only Sturdivant signed the complaint, it appears that Sturdivant may intend to

represent Sawchak's interests.  This he cannot do.  28 U.S.C.A. § 1654 provides

that "[i]n all courts of the United States the parties may plead and conduct their

own cases personally or by counsel as, by the rules of such courts, respectively, are

permitted to manage and conduct causes therein."  That statute "ensures that a

person may conduct his or her own case pro se or retain counsel to do so." *Murray*

*on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018).

"Although an individual may represent herself or himself pro se, a non-attorney

may not represent other parties in federal court." *Id.*  Thus, Sturdivant, a non-

attorney, may not represent Sawchak in this case.

## V.  Sawchak must sign either the complaint or an amended complaint.

Sawchak has not signed the complaint.  Federal Rule of Civil Procedure

11(a) provides that "[e]very pleading, written motion, and other paper must be

signed by a least one attorney of record in the attorney's name—or by a party

personally if the party is unrepresented."  Rule 11(a) also requires the court to

"strike an unsigned paper unless the omission is promptly corrected after being

called to the attorney's or party's attention."  Because Sawchak has not signed the

complaint as required by Fed. R. Civ. P. 11(a), she cannot proceed in this case

unless and until she signs the complaint.  In the alternative, because, as set forth

below, the complaint fails to state a claim upon which relief can be granted, in lieu

of signing the complaint, Sawchak may file and sign an amended complaint.[2]

---

[2]  By signing a pleading, a party "certifies that to the best of the person's
knowledge, information, and belief, formed after an inquiry reasonable under the
circumstances" that:

> **(1)** it is not being presented for any improper purpose, such as
> to harass, cause unnecessary delay, or needlessly increase the
> cost of litigation;

> **(2)** the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for
> extending, modifying, or reversing existing law or for
> establishing new law;

**VI.  The complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted.**

The complaint is not clear.  It is defective in both form and substance.  As to form, the complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  As to substance, the complaint fails to state a claim upon which relief can be granted.

**A.  The complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.**

The complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.  "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94).  "[A] court must make reasonable allowances to protect

---

> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  And a party who violates Rule 11(b) may be subject to sanctions. *See* Fed. R. Civ. P. 11(c).

pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*.  Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing the complaint, we nevertheless conclude that the complaint fails to comply with Fed. R. Civ. P. 8 which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1).  Although the complaint is relatively short—six pages—its statement of the claim (or claims) is not plain, and its allegations are not simple, concise, and direct.

Nor does the complaint comply with Fed. R. Civ. P. 10(b), which provides, among other things, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b).  Here, the claims in the complaint are not set forth in numbered paragraphs limited to a single set of circumstances.  Nor is the complaint divided into counts even though separate counts would promote clarity.

Here, the failure to comply with the above requirements as to form has led to substantive defects: It is unclear from the complaint whether Sturdivant is

10

attempting to present any claims on his own behalf, and it is unclear which

defendants are alleged to have taken which actions regarding Sawchak.  We

address those deficiencies in more detail some below.


**B.  The complaint fails to state a claim upon which relief can be granted.**

"Fundamentally, Rule 8 requires that a complaint provide fair notice of

'what the . . . claim is and the grounds upon which it rests.'" *Garrett*, 938 F.3d at

92 (quoting *Erickson*, 551 U.S. at 93).  Here, the complaint does not provide fair

notice of what the claims are.

The claims are construed as 42 U.S.C. § 1983 claims.  Although Sturdivant

checked the line on the form complaint stating that the complaint was filed under

28 U.S.C. § 1331 against federal officials, the defendants are state, not federal

officials.  Thus, we construe the complaint as raising 42 U.S.C. § 1983 claims.

"Section 1983 imposes civil liability upon any person who, acting under the

color of state law, deprives another individual of any rights, privileges, or

immunities secured by the Constitution or laws of the United States." *Shuman v.*

*Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does

not create any new substantive rights but instead provides a remedy for the

violation of a federal constitutional or statutory right." *Id.*  To establish a claim

under §1983, the plaintiff must establish a deprivation of a federally protected right

11

and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### 1. Sturdivant.

Although Sturdivant makes a passing reference to being incarcerated on excessive bail, it is not clear whether he meant to raise a claim in that regard, and if so, against whom.  And Sturdivant has not presented any specific claim on his own behalf.  Thus, the complaint fails to state a claim upon which relief can be granted as to Sturdivant.

### 2. Sawchak.

The complaint also fails to state a claim upon which relief can be granted as to Sawchak.  Although the complaint contains allegations regarding Sawchak, the complaint does not adequately allege the personal involvement of the named defendants, a necessary requirement for a 42 U.S.C. § 1983 claim.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct.  Thus, respondeat superior cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).  In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  And so, a constitutional

deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Third Circuit has "recognized that 'there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

"Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997) (footnote omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

13

"A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Id.* at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Id.*

Here, the complaint does not contain sufficient allegations to show that the defendants were personally involved in the alleged violations of Sawchak's rights.

14

### a.  Defendants Rivera-Ithier and Panzarella.

The complaint alleges that defendants Rivera-Ithier and Panzarella were involved in executing the search warrant, but it does not allege that they were the officers who allegedly used force on Sawchak or otherwise violated her rights. Nor does the complaint allege that they directed or acquiesced in the use of force on Sawchak or any other violations of her rights.  And the complaint does not allege that they were policy makers and a policy or custom of theirs violated her rights.  The complaint does allege that defendants Rivera-Ithier and Panzarella lead the search team, with Panzarella as the leading officer, but as set forth above, respondeat superior (i.e., that someone is liable just because they employed or supervised another who violated a person's rights) is not a proper basis for liability under Section 1983.

### b.  Defendant Hogans.

The complaint alleges that defendant Hogans allowed what happened to happen.  But here again, the complaint does not allege that he was personally involved in the actions taken against Sawchak or that he directed or acquiesced in the actions against Sawchak.  Nor does the complaint allege that he was a policy maker and a policy or custom of his violated her rights.  And he cannot be liable on the basis of respondeat superior.

15

### c. Wilkes-Barre Police.

In the caption of the complaint, "Assisting Wilkes-Barre Police" are also listed as defendants. But the complaint, apart from alleging that the Wilkes-Barre Police Department assisted in the execution of the search warrant, does not allege what actions any of the Wilkes-Barre police officers took.

In sum, the complaint fails to allege the personal involvement of the defendants. Thus, it fails to state a claim upon which relief can be granted.

## VII. Leave to Amend.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, given the liberal standard for leave to amend, we will give Sturdivant and Sawchak leave to file an amended complaint to

16

attempt to state a claim upon which relief can be granted.[3]  As set forth above,

Sturdivant cannot represent Sawchak, and each plaintiff must sign the complaint.[4]

## VIII.  Order.

For the foregoing reasons, **IT IS ORDERED** that Sturdivant and Sawchak

are **GRANTED** leave to file an amended complaint within 28 days of the date of

---

[3]  Any amended complaint must be titled as an amended complaint and must
contain the docket number of this case. Fed. R. Civ. P. 10(a).  "[A]ny amended
complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185,
1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an
adequate complaint without reference to the complaint already filed." *Id*.  "In
general, an amended pleading supersedes the original pleading and renders the
original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir.
2019).  "Thus, the most recently filed amended complaint becomes the operative
pleading." *Id*.  In other words, if an amended complaint is filed, the original
complaint will have no role in the future litigation of this case.  Any amended
complaint must also comply with the pleading requirements of the Federal Rules of
Civil Procedure, including the requirements that the complaint contain "a short and
plain statement of the grounds for the court's jurisdiction," "a short and plain
statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P.
8(a)(1)–(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed.
R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered
paragraphs, each limited as far as practicable to a single set of circumstances." Fed.
R. Civ. P. 10(b).  And "each claim founded on a separate transaction or occurrence
. . . must be stated in a separate count." *Id*.

[4]  Of course, if Sturdivant is not presenting any claims on his own behalf, he should
not be a plaintiff.

this Order.  If an amended complaint is not filed, we will recommend that this case

be dismissed.

$S/Susan\ E.\ Schwab$
Susan E. Schwab
United States Magistrate Judge